SOUTHERN FURNITURE COMPANY OF CONOVER, INC. v. DEPARTMENT OF TRANSPORTATION

No. COA95-563

(Filed 19 March 1996)

## 1. Appeal and Error § 111 (NCI4th)— denial of motion to dismiss—sovereign immunity—denial immediately appealable

The denial of a motion to dismiss based upon the defense of sovereign immunity affects a substantial right and is thus immediately appealable

**Am Jur 2d, Appellate Review § 164.**

## 2. State § 27 (NCI4th)— contract with state—claim of breach—sovereign immunity no bar

Where the parties' predecessors in interest entered a right-of-way agreement which granted defendant DOT a right-of-way over plaintiff's property, compensated plaintiff for the right-of-way, required defendant to maintain a secondary road on which plaintiff's property had frontage, and required defendant to maintain a median crossover, plaintiff's suit for breach of contract was not barred by sovereign immunity since the DOT implicitly consented to be sued for breach of its contract, and the statute providing a

special proceeding for inverse condemnation, N.C.G.S. § 136-111, did not provide for plaintiff's breach of contract claim.

**Am Jur 2d, States, Territories, and Dependencies § 119.**

Appeal by defendant from order entered 2 March 1995 in Guilford County Superior Court by Judge William Z. Wood, Jr. Heard in the Court of Appeals 23 February 1996.

*Keziah, Gates & Samet, L.L.P., by Andrew S. Lasine, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Senior Deputy Attorney General Eugene A. Smith and Assistant Attorney General David R. Minges, for defendant-appellant Department of Transportation.*

GREENE, Judge.

The North Carolina Department of Transportation (defendant) appeals from the trial court's 2 March 1995 order denying defendant's motion to dismiss pursuant to Rule 12(b)(1),(2), (6).

The predecessor in interest of Southern Furniture Company of Conover, Inc. (plaintiff) and defendant's predecessor in interest, the State Highway and Public Works Commission, entered a right-of-way agreement in 1953, with respect to access to U.S. 29/70 (highway) from plaintiff's property. The agreement granted defendant a right-of-way over plaintiff's property, and it is not disputed that plaintiff was compensated for the right-of-way. Plaintiff contends that the 1953 agreement requires the defendant to maintain a secondary road, on which plaintiff's property has frontage, and a median crossover on the highway. On 25 July 1990, defendant closed the median crossover by which plaintiff gained access to the secondary road from the highway.

After the closing of the crossover, plaintiff sued defendant for breach of the 1953 contract, requesting a determination of the parties' rights under the contract, pursuant to N.C. Gen. Stat. § 1-253, and specific enforcement of the 1953 contract or damages in the alternative. As defenses, defendant asserted sovereign immunity and that plaintiff's action is barred by the statute of limitations provided in N.C. Gen. Stat. § 136-111. Defendant made a motion that the plaintiff's

complaint be dismissed pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), (2), (6), which the trial court denied on 2 March 1995.

---

The issues are whether (I) defendant's appeal is interlocutory; and if not, (II) the plaintiff's suit for breach of contract is barred by sovereign immunity.

I

[1] Although generally the denial of a motion to dismiss is interlocutory and not immediately appealable, where the denial affects a substantial right it may be appealed. *Faulkenbury v. Teachers' & State Employees' Retirement Sys.*, 108 N.C. App. 357, 365, 424 S.E.2d 420, 423, *disc. rev. denied*, 334 N.C. 162, 432 S.E.2d 358 (1993). The denial of a motion to dismiss based upon the defense of sovereign immunity affects a substantial right and is thus immediately appealable. *See id.*; *see also Middlesex Constr. Corp. v. State ex rel. Art Museum Bldg. Comm'n*, 307 N.C. 569, 299 S.E.2d 640 (1983) (appeal from denial of motion to dismiss based upon sovereign immunity addressed, although interlocutory nature of appeal not addressed), *reh'g denied*, 310 N.C. 150, 312 S.E.2d 648 (1984). Thus, defendant's appeal is properly before this Court.

II

[2] It is not disputed that defendant is an agency of the State and is generally protected from suit by sovereign immunity. This immunity is waived whenever the State enters into a valid contract because it "implicitly consents to be sued for damages on the contract in the event it breaches the contract." *Smith v. State*, 289 N.C. 303, 320, 222 S.E.2d 412, 423-24 (1976). Where, however, "administrative or judicial relief in a contract action against the State" has "been afforded through statutory provisions" sovereign immunity bars a common law action for breach of that contract. *Middlesex Constr. Corp.*, 307 N.C. at 574, 299 S.E.2d at 643. Defendant argues that N.C. Gen. Stat. § 136-111, which provides a cause of action for inverse condemnation, and the rule in *Middlesex* bar plaintiff's contract action. We disagree.

Section 136-111 provides a special proceeding for inverse condemnation when the Department of Transportation has taken land without just compensation to the landowner. N.C.G.S. § 136-111 (1993). The section does not provide a procedure for plaintiff's breach of contract claim and defendant has cited no other statutory

procedure which would control plaintiff's breach of contract action. Thus, plaintiff is a "contractor[] who [is] completely foreclosed, under the doctrine of sovereign immunity, from obtaining administrative or judicial relief in a contract action against the State." *See Middlesex Constr. Corp.*, 307 N.C. at 574, 299 S.E.2d at 643. Accordingly, the rule set forth in *Smith* applies in this case to abolish the bar of sovereign immunity in plaintiff's contract action, and the trial court correctly denied defendant's motion to dismiss on that basis.

Affirmed.

Judges LEWIS and SMITH concur.