RICKEY WAYNE MELLON, Plaintiff v. CATHIE W. PROSSER, Individually, and as a Deputy of the Cleveland County Sheriff's Department; DAN CRAWFORD, Sheriff of Cleveland County; and CLEVELAND COUNTY SHERIFF'S DEPARTMENT, Defendants

No. COA96-986

(Filed 1 July 1997)

**1. Appeal and Error § 114 (NCI4th)— action against deputy and sheriff—sovereign immunity—motion to dismiss denied—appeal not interlocutory**

Defendants' appeal was not interlocutory where plaintiff had brought an action alleging negligence, false arrest, and other claims arising from plaintiff being mistaken for his brother, stopped, and handcuffed at gunpoint by a deputy; defendants' motion to dismiss all claims against the Sheriff's Department and against the deputy and the sheriff in their individual capacities was granted; and defendants' motion to dismiss all claims against the deputy and the sheriff in their official capacities on the basis of sovereign immunity was denied. Where a party claims sovereign, absolute or qualified immunity upon motion, the denial of that motion is immediately appealable.

**Am Jur 2d, Appellate Review §§ 163, 164.**

**2. Sheriffs, Police, and Other Law Enforcement Officers § 19 (NCI4th)— detention at gunpoint—negligence action against deputy—surety not joined—remanded**

The trial court erred in a civil action arising from plaintiff being mistaken for his brother and stopped and handcuffed at gunpoint by denying the motion of the deputy and sheriff to dismiss all claims against them based on governmental and sovereign immunity. A plaintiff bringing claims against a governmental entity and its employees acting in their official capacities bears the burden of alleging and proving that the officials have waived their sovereign immunity or otherwise consented to the suit. The statutory mandate of N.C.G.S. § 58-76-5 has been interpreted to provide that the sheriff's immunity is only removed where the surety is joined as a party to the action and plaintiff here failed to join the deputy's surety, or otherwise plead or prove any waiver of immunity by the sheriff or his officers. However, in light of the ease with which the complaint can be amended, the action was remanded for joinder of the sheriff's surety.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90-180.**

Judge WYNN dissenting.

Appeal by defendants from order entered 13 May 1996 by Judge Forrest A. Ferrell in Cleveland County Superior Court. Heard in the Court of Appeals 24 April 1997.

*Yelton, Farfour, McCartney & Lutz, P.A., by Leslie A. Farfour, Jr., for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by G. Michael Barnhill and W. Clark Goodman, for defendants-appellants.*

TIMMONS-GOODSON, Judge.

On 27 December 1994, plaintiff Rickey Wayne Mellon was driving his business vehicle on a roadway outside of Shelby, North Carolina, when defendant Cathie W. Prosser, a Cleveland County Deputy Sheriff, activated her blue light and siren and required plaintiff to pull his vehicle to the side of the roadway. Defendant Prosser believed plaintiff to be his brother, Ralph Mellon, who had several outstanding warrants pending against him. After coming to a stop on the shoulder of the road, plaintiff got out of his vehicle and walked toward defendant Prosser. In response, defendant Prosser drew her gun and pointed it at plaintiff, ordered him to face his vehicle, and handcuffed him. Defendant Prosser later determined that plaintiff was not Ralph Mellon, and released him.

Subsequently, plaintiff instituted this action against defendant Cathie W. Prosser, individually and in her official capacity as a deputy with the Cleveland County Sheriff's Department, Dan Crawford, individually and in his official capacity as Sheriff of Cleveland County, and the Cleveland County Sheriff's Department. In his complaint, plaintiff alleges claims for gross negligence, false arrest, false imprisonment, intentional and negligent infliction of mental distress, and assault and battery. Plaintiff contends that defendant Prosser "could have and should have, with reasonable diligence and inquiry" realized that plaintiff was not his brother, Ralph, since the truck he was driving was titled in his name and his physical appearance differs substantially from that of Ralph (Ralph has only one leg); and failure to do so, demonstrates a "negligent and reckless disregard for [his] rights."

*MELLON v. PROSSER*

[126 N.C. App. 620 (1997)]

On 15 March 1996, defendants filed their answer and a motion to dismiss all claims for lack of personal and subject matter jurisdiction, insufficiency of service of process, and failure to state a claim, pursuant to Rules 12(b)(1), (2), (5), and (6), respectively, of the North Carolina Rules of Civil Procedure. Defendants' motion was heard by Judge Forrest A. Ferrell in Cleveland County Superior Court.

On 13 May 1996, Judge Ferrell entered an order granting defendants' motion to dismiss as to all claims against the Cleveland County Sheriff's Department and against Crawford and Prosser in their individual capacities; and denying the motion to dismiss as to all claims against Crawford and Prosser in their official capacities on the basis of governmental or sovereign immunity. Defendant appeals.

**[1]** At the outset, we note that an order that does not dispose of all of the issues of a case is interlocutory, and ordinarily, is not immediately appealable. *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). However, where a party, upon motion, claims sovereign, absolute or qualified immunity, the denial of that motion is immediately appealable. *Southern Furniture Co. v. Dept. of Transportation*, 122 N.C. App. 113, 115, 468 S.E.2d 523, 525 (1996), *disc. review improvidently allowed*, 346 N.C. 169, 484 S.E.2d 552 (1997). Accordingly, defendants' appeal is properly before this Court.

**[2]** Defendants raise but one argument on appeal: The trial court erred in denying the motion of defendants Crawford and Prosser to dismiss all claims against them in their official capacities on the basis of governmental and sovereign immunity. We agree, and for the reasons discussed herein, reverse the decision of the trial court, and remand this matter for action in accordance with this opinion.

Sovereign, or governmental immunity bars actions against governmental entities and their employees for claims arising out of the performance of a governmental function, absent consent or waiver. " 'A police officer in the performance of his[/her] duties is engaged in a governmental function.' " *Mullins v. Friend*, 116 N.C. App. 676, 680, 449 S.E.2d 227, 230 (1994) (quoting *Galligan v. Town of Chapel Hill*, 276 N.C. 172, 175, 171 S.E.2d 427, 429 (1970)). A governmental entity may waive immunity by the purchase of liability insurance, thereby subjecting itself to liability for the tortious acts of its officers and employees. N.C. Gen. Stat. § 160A-485 (1994). In addition, section 58-76-5 of the General Statutes provides that a sheriff may remove the cloak of governmental immunity by purchase of a

bond. N.C. Gen. Stat. § 58-76-5 (1994). Moreover, the governmental entity may otherwise implicitly consent to be sued. *See Smith v. Phillips*, 117 N.C. App. 378, 381, 451 S.E.2d 309, 312 (1994) (citing *Messick v. Catawba County*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993); *Insurance Co. v. Gold, Commissioner of Insurance*, 254 N.C. 168, 172-73, 118 S.E.2d 792, 795 (1961)).

A plaintiff bringing claims against a governmental entity and its employees acting in their official capacities bears the burden of alleging and proving that the officials have waived their sovereign immunity or otherwise consented to suit. *See Whitaker v. Clark*, 109 N.C. App. 379, 384, 427 S.E.2d 142, 145, *disc. review denied and cert. denied*, 333 N.C. 795, 431 S.E.2d 31 (1993). If he fails to do so, the plaintiff fails to state a cognizable claim against a governmental unit or employee. *Id.*

Section 58-76-5 of the North Carolina General Statutes provides in pertinent part:

> Every person injured by the neglect, misconduct, or misbehavior in office of any . . . sheriff . . . or other officer, may institute a suit or suits against said officer . . . and their sureties upon their respective bonds for the due performance of their duties in office in the name of the State . . . .

N.C.G.S. § 58-76-5. In *Messick v. Catawba County*, this Court interpreted the statutory mandate of section 58-76-5 to provide that the sheriff's immunity is only removed where the surety is joined as a party to the action. 110 N.C. App. 707, 431 S.E.2d 489. However, this Court has consistently held that the failure to join the surety as a party to an action is a problem easily corrected by amendment. *See Messick*, 110 N.C. App. 707, 431 S.E.2d 489; *Slade v. Vernon*, 110 N.C. App. 422, 430, 429 S.E.2d 744, 748 (1993) (Greene, J., concurring) (citing *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 17, 362 S.E.2d 812, 822 (1987)).

In the case *sub judice*, plaintiff failed to join defendant Prosser's surety, or otherwise plead or prove any waiver of immunity by the sheriff or his officers. The record is silent as to an amendment to the complaint. The evidence before the trial court at the time of hearing on defendants' motion to dismiss was absent any claim of waiver of sovereign immunity or consent to be sued by defendants Prosser and Crawford. We, therefore, must reverse the decision of the trial court. However, in light of the ease with which such amend-

ment can be accomplished, we remand this action for joinder of the sheriff's surety.

Reversed and remanded.

Judge GREENE concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

I disagree with the majority's conclusion that this case must be remanded to allow the plaintiff an opportunity to amend his complaint to name the sheriff's surety. As the majority states, N.C. Gen. Stat. § 58-76-5 (1994), as interpreted by *Messick v. Catawba County*, 110 N.C. App. 707, 431 S.E.2d 489, *cert. denied*, 334 N.C. 621, 435 S.E.2d 336 (1993), provides that a sheriff's immunity is only removed where the surety is joined as a party to the action, but that the failure to join the surety as a party to an action could easily be corrected by amendment.

In this case, plaintiff filed his complaint on 11 January 1996; defendants moved to dismiss and answered on 15 March 1996; the trial court denied defendants' motion to dismiss on 13 May 1996. During this entire time period of over five months, plaintiff never sought to amend his complaint to meet the requirements of N.C.G.S. § 58-76-5, as interpreted by *Messick*. Thus, plaintiff failed to meet his burden of proving that the sheriff and his deputy waived their sovereign immunity or otherwise consented to suit. Without this allegation in his complaint, plaintiff's action must be dismissed.

Plaintiff contends that he was unable to name the surety at the time the complaint was filed and that the surety could only be added after discovery. This explanation defies the common knowledge that the name of a sheriff's surety is a matter of public record and therefore should be easily discoverable. N.C. Gen. Stat. § 162-8 (1994) requires the sheriff to furnish a bond payable to the State of North Carolina. N.C. Gen. Stat. § 58-72-50 (1994) requires that the bond be deposited with the clerk of superior court. If the sheriff's surety is a company rather than an individual, then N.C. Gen. Stat. § 58-73-1 (1994) requires that the bond be accompanied with a statement of the Insurance Commissioner as to the financial condition of the company as required by law. Since the name of the surety could have been

determined rather easily, it would not have been a hardship for plaintiff to find out that information and amend his complaint joining the surety as a party. In fact, plaintiff concedes in his brief that "he could have begun his discovery at an earlier date." Instead, even to this date, plaintiff has neither presented material alleging that defendants had waived immunity nor moved to add the surety as a party.

In sum, *Messick* and N.C. Gen. Stat. § 58-76-5 require that "the protective embrace of governmental immunity [is removed] only . . . where the surety is joined as a party." *Messick*, 110 N.C. App. at 715, 431 S.E.2d at 494. Plaintiff, however, made no attempt to amend his action contending that he "still had plenty of time . . . to move to . . . join the surety as a party of this action." The requirement of naming the surety in an action against a sheriff is clear cut and jurisdictional. And while we permit the liberal amendment of actions to conform with this requirement, to do so in this case amounts to an abuse of the system. Since the name of a sheriff's surety is easily discoverable, absent some compelling reason showing why the complaint was not amended prior to the denying of the motion to dismiss, I would not allow an amendment of this action at this time. Accordingly, I dissent.