JAMES R. SELLERS, Plaintiff v. GILBERT RODRIGUEZ; VINCENT DANIEL FRAZER; BILLY BYRANT, SHERIFF OF LEE COUNTY; and THE CITY OF SANFORD, Defendants

No. COA01-339

(Filed 2 April 2002)

**Cities and Towns; Counties— injury while in police custody— public duty doctrine—no intentional misconduct—no action on sheriff's bond**

The trial court correctly denied plaintiff's Rule 60(b) motion to set aside summary judgment for defendants in an action arising from injuries suffered in custody of a county deputy sheriff and a city police officer where plaintiff did not sufficiently allege a claim under the special relationship exception to the public duty doctrine, made no allegation that either of the officers intentionally engaged in misconduct or misbehavior in the performance of their duties, and does not mention N.C.G.S. § 58-76-5 (waiver of immunity through purchase of a bond) as the basis for the cause of action against the sheriff.

Appeal by plaintiff from order entered 8 January 2001 by Judge Wiley F. Bowen in Superior Court, Lee County. Heard in the Court of Appeals 30 January 2002.

*Van Camp, Meacham & Newman, PLLC, by Thomas M. Van Camp, for the plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Tyrus V. Dahl, Jr. and Andrew C. Buckner, for the defendants-appellees.*

WYNN, Judge.

Plaintiff James R. Sellers appeals from the trial court's 8 January 2001 order denying his Rule 60(b) motion to set aside judgment. We affirm.

The facts of this case arise from Mr. Sellers' complaint of January 1996 alleging that while in police custody he suffered injury as a result of the negligent acts of Lee County Deputy Sheriff Gilbert Rodriguez and Sanford Police Officer Vincent Frazer. Mr. Sellers alleged that at the time of the incident giving rise to his injuries, Deputy Rodriguez acted within his capacity as an agent and employee of the Lee County Sheriff's office; and Officer Frazer acted within his capacity as an agent of the City of Sanford. Mr. Sellers further alleged that Lee County, including Sheriff Billy Bryant; and the City of Sanford, including the Sanford Police Department; were vicariously liable for the actions of Deputy Rodriguez and Officer Frazer, as Lee County and the City of Sanford had acquired liability insurance for the negligence of their agents and employees, thereby waiving any applicable defense of governmental immunity for such negligence to the extent of such insurance.

Gerald M. Shaw of Sanford acted as Mr. Sellers' attorney. This matter was calendared for trial the week of 29 November 1999; on 9 November 1999, defendants noticed a motion for summary judgment and served supporting affidavits on Mr. Shaw. Subsequently, Mr. Shaw's secretary notified defendants and the trial court that Mr. Shaw had suffered a heart attack and might require imminent surgery. Defendants therefore consented to postpone the trial and hearing on the motion for summary judgment.

Mr. Shaw underwent by-pass surgery in December 1999, and on 28 January 2000 his secretary again informed defendants and the trial court of Mr. Shaw's health status and requested a continuance of all his matters on the trial calendar. In February 2000, defendants

SELLERS v. RODRIGUEZ

[149 N.C. App. 619 (2002)]

filed a calendar request for a hearing on their summary judgment motion and for a trial on the merits for the week of 29 May 2000.

The summary judgment motion was calendared for hearing on 10 April 2000, and notice of this hearing was duly mailed to Mr. Shaw. Mr. Shaw's office purportedly contacted the trial court on another matter to indicate that he would not be present for the 10 April 2000 motion calendar; apparently, Mr. Shaw did not contact defendants to indicate his intended absence from the motion hearing. Counsel for defendants appeared at the 10 April 2000 summary judgment motion hearing, and the trial court determined that Mr. Shaw had received due notice of the hearing. The trial court then heard oral argument from defendants, and defendants filed a brief in support of their motion. Based on defendants' counsel's arguments and supporting documents, the trial court granted the defendants' summary judgment motion on 12 April 2000.

Mr. Sellers learned of the trial court's grant of summary judgment after contacting Mr. Shaw's office for an update on the status of this matter. Mr. Shaw's secretary informed Mr. Sellers that the case had been dismissed on grounds of "police immunity," but apparently indicated that she had spoken with Mr. Shaw, who felt the dismissal was improper and said he would ask for a re-hearing. Mr. Sellers waited to hear from Mr. Shaw's office, and eventually went by his office again for an update; however, he found the office vacant and was told that Mr. Shaw had retired due to health reasons.

Shortly thereafter Mr. Sellers retained attorney Thomas M. Van Camp, and on 13 November 2000 Mr. Sellers filed a motion to set aside the trial court's 12 April 2000 grant of summary judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) and (6) (1999). Following a hearing on 2 January 2001, the trial court denied this motion pursuant to an order filed on 8 January 2001. Mr. Sellers appeals.

---

On appeal,[1] Mr. Sellers argues that the trial court erred in concluding that his Rule 60(b) motion was not made within a reasonable time; and, he contends that he showed excusable neglect. We hold it dispositive that even if we assume both of those contentions to be

---

1. We first note that the record on appeal does not conform with our rules of appellate procedure. Mr. Sellers' assignments of error are set out at the beginning of the record, rather than being "stated at the conclusion of the record on appeal[.]" N.C.R. App. P. 10(c)(1) (2002). Nonetheless, we elect to exercise our discretion and consider the merits of Mr. Sellers' appeal. *See* N.C.R. App. P. 2 (2002).

true, Mr. Sellers is still not entitled to relief under Rule 60(b) because he failed to demonstrate *prima facie* evidence of a meritorious defense. *See Higgins v. Michael Powell Builders*, 132 N.C. App. 720, 515 S.E.2d 17 (1999); *see also Wynnewood Corp. v. Soderquist*, 27 N.C. App. 611, 219 S.E.2d 787 (1975) (holding that to obtain relief under Rule 60(b)(1) on grounds of excusable neglect, the movant must also demonstrate *prima facie* evidence of a meritorious defense); *Sides v. Reid*, 35 N.C. App. 235, 241 S.E.2d 110 (1978) (holding that a Rule 60(b)(6) movant must show the existence of a meritorious *prima facie* defense).

In the instant case, Mr. Sellers' complaint alleges that "[d]efendants were negligent," that "Deputy Rodriguez and Officer Frazer were careless and reckless," and that he suffered injuries "[a]s a result of defendants['] negligence[.]" Defendants answered, asserting defenses of public officers' immunity and public duty doctrine, among others. Defendants argued in their brief supporting their summary judgment motion that Deputy Rodriguez and Officer Frazer are immune from liability for mere negligence; by extension, defendants contend that the Lee County Sheriff's office and the City of Sanford are likewise immune from suit, as any liability on their part is vicariously derived from the conduct of Deputy Rodriguez and Officer Frazer. Defendants further argued in their brief that they were entitled to summary judgment because (1) neither Deputy Rodriguez nor Officer Frazer were negligent as a matter of law, and (2) Mr. Sellers' claims were barred by his contributory negligence as a matter of law.

We note that the caption of Mr. Sellers' complaint does not specifically designate whether defendants Rodriguez, Frazer and Bryant are being sued in their individual or official capacities. To afford these defendants the opportunity to prepare a proper defense, the complaint should have clearly stated the capacities in which these defendants were being sued. *See Mullis v. Sechrest*, 347 N.C. 548, 495 S.E.2d 721 (1998). Nonetheless, a review of the complaint and the course of proceedings in the instant case indicates an intent by Mr. Sellers to sue these defendants in their official capacities only. *See id. See also Taylor v. Ashburn*, 112 N.C. App. 604, 607-08, 436 S.E.2d 276, 279 (1993) (a complaint that fails to state any allegations other than those relating to a defendant's official duties does not state a claim against defendant in his or her individual capacity, and will be treated as a claim against defendant in his official capacity), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994). "[O]fficial capacity suits are merely

another way of pleading an action against the governmental entity." *Mullis*, 347 N.C. at 554, 495 S.E.2d at 725.[2]

Generally, governmental immunity protects a municipality and its officers or employees sued in their official capacity for torts committed while performing a governmental function; it is well-established that law enforcement constitutes a governmental function. *See Young v. Woodall*, 119 N.C. App. 132, 458 S.E.2d 225, *rev'd on other grounds*, 343 N.C. 459, 471 S.E.2d 357 (1995); *see also Messick v. Catawba County*, 110 N.C. App. 707, 431 S.E.2d 489, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 344 (1993). However, "[a] governmental entity may waive immunity by the purchase of liability insurance, thereby subjecting itself to liability for the tortious acts of its officers and employees." *Mellon v. Prosser*, 126 N.C. App. 620, 622, 486 S.E.2d 439, 441 (1997), *rev'd in part on other grounds*, 347 N.C. 568, 494 S.E.2d 763 (1998). *See* N.C. Gen. Stat. § 160A-485 (1999); N.C. Gen. Stat. § 153A-435 (1999). A plaintiff bringing claims against a governmental entity and its employees acting in their official capacities must allege and prove that the officials have waived their sovereign immunity or otherwise consented to suit; by failing to do so, the plaintiff fails to state a cognizable claim against either the official or the governmental entity. *See Mellon*, 126 N.C. App. at 623, 486 S.E.2d at 441-42.

In the instant case, Mr. Sellers alleged that Lee County, including Sheriff Billy Bryant; and the City of Sanford, including the Sanford Police Department; had acquired insurance policies or participated in risk pools insuring against liability for the negligent acts of their agents or employees. *See* G.S. § 160A-485; G.S. § 153A-435. To the extent such insurance had been purchased, Mr. Sellers alleged that the City of Sanford and Sheriff Billy Bryant had waived any claim of governmental immunity. In their answer, defendants "admitted that the referenced entities have purchased insurance, participate in risk pools, or otherwise have waived governmental immunity."

Nonetheless, a waiver of governmental immunity will not create a cause of action where none previously existed. *See Stafford v. Barker*, 129 N.C. App. 576, 584, 502 S.E.2d 1, 6, *disc. review denied*, 348 N.C. 695, 511 S.E.2d 650 (1998). The public duty doctrine gener-

---

2. As defendants Rodriguez, Frazer and Bryant were sued only in their official rather than individual capacities, defendants' claimed defense of public officers' immunity is irrelevant. *See Schlossberg v. Goins*, 141 N.C. App. 436, 540 S.E.2d 49 (2000) (the public officers' immunity doctrine shields public officials such as police officers and sheriffs from *personal* liability in their individual capacity for mere negligence in the performance of their duties).

ally bars negligence claims by individuals against a municipality or its agents in a law enforcement role, subject to two exceptions: (1) Where a special relationship exists between the injured individual and the agent or municipality; and (2) Where the agent or municipality creates a special duty by promising protection to the individual, such protection is not provided, and the individual's injury is causally related to his reliance on the promise. *See id.* at 580, 502 S.E.2d at 3. "The 'special relationship' exception must be specifically alleged, and is not created merely by a showing that the state undertook to perform certain duties." *Frazier v. Murray*, 135 N.C. App. 43, 50, 519 S.E.2d 525, 530 (1999). Arguably, a special relationship existed between Mr. Sellers and defendants, as Mr. Sellers alleges that he was injured while in police custody. *See Hull v. Oldham*, 104 N.C. App. 29, 38, 407 S.E.2d 611, 616, *disc. review denied*, 330 N.C. 441, 412 S.E.2d 72 (1991). Nonetheless, Mr. Sellers failed to specifically allege a "special relationship" sufficient to invoke this exception to the public duty doctrine. *See Frazier.*

We note further that, in addition to a county waiving its immunity under G.S. § 153A-435, a sheriff may also waive governmental immunity by purchasing a bond. *See Mellon;* N.C. Gen. Stat. § 58-76-5 (1999). G.S. § 58-76-5 "provides a plaintiff with a *statutory cause of action* in addition to a common law cause of action." *Stafford,* 129 N.C. App. 576, 585, 502 S.E.2d 1, 6. However, a sheriff's immunity is removed only where the surety is joined as a party to the action. *See Mellon,* 126 N.C. App. at 623, 486 S.E.2d at 442. Nonetheless, the failure to join the surety as a party to a G.S. § 58-76-5 action is easily corrected by amendment. *See id.*

G.S. § 58-76-5 only gives Mr. Sellers a right of action; it does not relieve Mr. Sellers of the burden of proving that defendants either intentionally engaged in neglect, misconduct or misbehavior while performing their custodial duties, or that they acted negligently in performing those duties despite a duty to do otherwise. *Stafford,* 129 N.C. App. at 585, 502 S.E.2d at 6. As noted above, Mr. Sellers has failed to sufficiently allege a negligence cause of action under the "special relationship" exception to the public duty doctrine. Furthermore, Mr. Sellers makes no allegation that either Deputy Rodriguez or Officer Frazer *intentionally* engaged in neglect, misconduct or misbehavior in the performance of his duties. *See id.* Additionally, nowhere in his complaint does Mr. Sellers mention G.S. § 58-76-5 as the basis for a cause of action.

JOSLYN v. BLANCHARD

[149 N.C. App. 625 (2002)]

Accordingly, we conclude that Mr. Sellers failed to present *prima facie* evidence to the trial court of a meritorious defense to defendants' summary judgment motion sufficient to support his Rule 60(b) motion to set aside the trial court's entry of summary judgment in favor of defendants. The trial court's 8 January 2001 order denying Mr. Sellers' Rule 60(b) motion to set aside the 12 April 2000 order awarding defendants summary judgment is therefore,

Affirmed.

Judges HUDSON and THOMAS concur.