**William Joseph SAFFORD, Plaintiff,**

v.

**B.J. BARNES, Individually and in his official capacity as the duly elected Sheriff of Guilford County, North Carolina; and M.B. Stewart, Individually and in his official capacity as Deputy Sheriff of Guilford County, North Carolina, Defendants.**

**1:14CV267**

United States District Court, M.D. North Carolina.

Signed June 2, 2016

Christopher L. Beacham, Beacham & Russ, PLLC, Durham, NC, for Plaintiff.

James Demarest Secor, III, William L. Hill, Frazier Hill & Fury, RLLP, Greensboro, NC, for Defendants.

## ORDER

Thomas D. Schroeder, United States District Judge

Plaintiff William Safford brings suit against Defendants B.J. Barnes, Sheriff of Guilford County, and M.B. Stewart, a Deputy Sheriff of Guilford County, who allegedly violated Plaintiff's constitutional rights when removing him from a courtroom during proceedings in State court. Having been before the court on prior motions to dismiss, the case is now here on Defendants' motion for summary judgment. (Doc. 28.) For the reasons set forth below, the motion will be granted in part at this time; the remainder of the motion will be addressed later.

Following Defendants' motion to dismiss, this court dismissed the following claims:

the Fourteenth Amendment claims against Sheriff Barnes and Deputy Stewart (first and second causes of action); the failure-to-train claim against Sheriff Barnes in his official capacity (second cause of action); the claim for supervisory liability against Sheriff Barnes in his individual capacity (second cause of action); the State-law claims against Sheriff Barnes in his individual capacity (third and fourth causes of action); the vicarious liability claims under § 1983 against Sheriff Barnes (fifth cause of action); and the claim against Deputy Stewart brought under N.C. Gen. Stat. §§ 1–311 and 1–410 (sixth cause of action).

(Doc. 11 at 18.)

Defendants now move for summary judgment on the remaining claims. Specifically, among other grounds, Defendants assert that the State-law claims against Sheriff Barnes and Deputy Stewart in their official capacities must be dismissed for failure to join the surety bond as a party. (Doc. 34 at 18–19.) Defendants also argue that Plaintiff's federal claims against them in their official capacity are barred because probable cause existed to arrest Plaintiff and no excessive force was used. (Doc. 36 at 22.) The analysis that follows is limited to these issues.

### Failure to Join Surety

"Generally, governmental immunity protects a municipality and its officers or employees sued in their official capacity for torts committed while performing a governmental function ...." Sellers v. Rodriguez, 149 N.C.App. 619, 623, 561 S.E.2d 336, 339 (2002). A government entity, such as a Sheriff, may waive this immunity by consenting to suit, purchasing liability insurance, or purchasing a bond. Id. at 623–24, 561 S.E.2d at 339. A plaintiff cannot state a cognizable claim against a government entity and its employees in their official capacities without alleging the waiver of governmental immunity. Id. at 623, 561 S.E. at 339. Moreover, where the basis for the waiver of immunity is the purchase of a bond, governmental immunity "is removed only where the surety is joined as a party to the action." Id. at 624, 561 S.E.2d at 339.

Ordinarily, amendment is to be "freely given when justice so requires." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir.2008) (quoting Fed. R.

Civ. P. 15(a)(2)). However, "after the deadlines provided by a scheduling order have passed, the good cause standard [of Federal Rule of Civil Procedure 16(b)] must be satisfied to justify leave to amend the pleadings." Id. Whether a party can satisfy Rule 16(b)'s "good cause" requirement centers primarily on "the diligence of the party seeking the amendment." Columbia Gas Transmission LLC v. United States, No. 3:14cv11854, 2015 WL 7871048, at *1 (S.D.W.Va. Dec. 3, 2015).

■ Here, Plaintiff has been anything but diligent. This court's scheduling order set the deadline for amending pleadings and joining parties as March 3, 2015. (Doc. 14.) Plaintiff has been on notice of the governmental immunity defense for nearly two years—since at least Defendants' answer to the complaint on June 24, 2014. (Doc. 8 at 8.) On March 3, 2015 (the deadline for amending pleadings), Plaintiff amended his complaint but did not allege the waiver of governmental immunity or join the surety as a party. (Doc. 16.) Defendants reasserted the governmental immunity defense on March 5, 2015, in their answer to the amended complaint. (Doc. 18 at 8.) Plaintiff has offered no reason for his failure other than neglect. (See Doc. 39 at 13.) Even after Defendants moved for summary judgment on grounds of governmental immunity on October 2, 2015 (Docs. 34 at 18-19, 36 at 18-19), Plaintiff took no action. In fact, although Plaintiff's brief in opposition to summary judgment states that "Plaintiff should be allowed to amend the Complaint to name the Surety as a party to the action," Plaintiff has yet to file any motion requesting leave to amend. (Doc. 39 at 13.) Accordingly, Plaintiff has failed to show good cause, and his request to amend will be denied. Summary judgment will be granted to Defendants on the State-law claims against Sheriff Barnes and Deputy Stewart in their official capacities.

Federal Official Capacity Claims

As to the federal official capacity claims, the record is puzzling. The amended complaint alleged governmental liability based on Sheriff Barnes' failure "to properly hire, train, educate, and supervise" Deputy Stewart. (Doc. 16 at 3, 5.) The court dismissed those claims for a failure of pleading. (Doc. 11 at 7-14.) Moreover, because the complaint does not delineate between liability on an official capacity or individual capacity basis, there is no clear allegation of official capacity liability under the Fourth Amendment. Nevertheless, Defendants' summary judgment brief appears to acknowledge that a federal official capacity claim remains. (See Doc. 36 at 22 ("The Federal/State Law Claims Against Defendants in their 'Official Capacities' Require Dismissal as Probable Cause Existed and No Excessive Force was Used."))

■ A plaintiff cannot state a claim against a governmental official in his official capacity without alleging that the plaintiff's injuries were proximately caused by "an official policy or custom of the Sheriff's office." Evans v. Guilford Cty. Det. Ctr., No. 1:13CV499, 2014 WL 4641150, at *3 (M.D.N.C. Sept. 16, 2014) (emphasis added); Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir.2003). There are four ways for an unconstitutional policy or custom to arise:

(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to consti-

tute a "custom or usage with the force of law."

Lytle, 326 F.3d at 471 (alteration in original).

 Here, the amended complaint alleged governmental liability based solely on the third category: failure to train, and that claim and Plaintiff's other claims for failure to "properly hire ... educate, and supervise" have been dismissed.[1] (Doc. 11.) Plaintiff does not allege any other ground of governmental liability—there is no allegation of an express policy, a decision by a final policymaker, or a practice that is so persistent and widespread as to constitute a custom and usage with the force of law. In fact, Plaintiff has presented evidence of training materials that, at least in Plaintiff's view, prohibited the alleged conduct of Deputy Stewart. (See Doc. 39 at 9; Doc. 39–6 at 3; Doc. 39–7 at 2.)

 "Personal-capacity suits seek to impose personal liability upon a governmental official for actions he takes under color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (internal citations omitted) (quoting Monell, 436 U.S. at 690 n.55, 98 S.Ct. 2018); Thomas v. Holly, No. 5:10cv52, 2010 WL 3063205, at *2 (E.D.N.C. Aug. 4, 2010) ("Because Sheriff Carter is already a named Defendant in both his individual and official capacity, Plaintiff's official capacity claims against the deputies are redundant and unnecessary to the relief sought."). Because no basis for liability against the Guilford County Sheriff's Office can be discerned from the amended complaint or the evidence submitted in support and in opposition to Defendants' motion for summary judgment, it appears that no federal official capacity claim should be submitted for consideration during the impending trial. Consequently, the court intends to dismiss the federal official capacity claims forthwith unless the parties, who have not directly addressed this issue, demonstrate within ten (10) days why it should not do so.

For the reasons stated,

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 28.) is GRANTED IN PART as follows: all State-law claims against Sheriff Barnes and Deputy Stewart in their official capacities are DISMISSED; and all federal claims against Sheriff Barnes and Deputy Stewart in their official capacities will be dismissed if Plaintiff fails to demon-

---

1. The amended complaint alleges only a single, isolated incident. Isolated incidents generally are insufficient to establish a policy or custom. See, e.g., Slakan v. Porter, 737 F.2d 368, 373 (4th Cir.1984) ("Ordinarily, [the plaintiff] cannot satisfy his burden of proof by pointing to a single incident or isolated incidents."); Layman v. Alexander, 294 F.Supp.2d 784, 794 (W.D.N.C.2003) ("Deliberate indifference on the part of a supervisor may not be established by pointing to a single incident or isolated incidents, ... for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities.'" (quoting Slakan, 737 F.2d at 373)); Russell v. Town of Chesapeake, 817 F.Supp. 38, 42 (S.D.W.Va.1993) ("Evidence of one prior incident of excessive force ... by itself would not establish the pattern of 'persistent and widespread' constitutional violations necessary to demonstrate a 'custom.'" (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))); see also Jones v. Muskegon Cty., 625 F.3d 935, 946–47 (6th Cir.2010) (finding that five incidents did not establish a "custom that was 'so widespread, permanent, and well settled as to have the force of law.'") (citations omitted)). As explained more thoroughly in this court's prior Order, Safford's allegations and evidence are insufficient to establish single-incident liability. (Doc. 11 at 9–10.)

strate why such a claim survives on the current record within ten (10) days of this Order. By the court's determination, this leaves the following claims: a § 1983 Fourth Amendment claim against Deputy Stewart in his individual capacity (First Cause of Action); and State-law claims for false arrest, false imprisonment, and battery against Deputy Stewart in his individual capacity (Third and Fourth Causes of Action). (See Docs. 11, 16, 28.) Defendants' remaining grounds for summary judgment as to these remaining claims will be addressed in a subsequent Order.