TYSON, Judge.
 

 *403
 
 Paul Nell, Torch Hill Investment Partners, LLC, The Allies Corporation, and Andrew Blair ("Defendants") appeal from an order granting Engility Corporation's ("Plaintiff") motion to quash and for protective order. Defendants also appeal from an order denying their Rule 60 motion for relief. We dismiss the appeal pertaining to the order granting Plaintiff's motion to quash as untimely and interlocutory. The trial court's order denying Defendants' motion for relief is affirmed.
 

 I. Background
 

 A. Subpoena
 

 Plaintiff filed suit against Defendants in Fairfax County, Virginia (the "Virginia Case"). Some of the allegations arose from the Plaintiff's attempted sale of International Resource Group ("IRG"), a subsidiary of its international business. In early January 2017, Research Triangle Institute, Inc. ("RTI") purchased IRG.
 

 On 11 January 2017, Defendants requested the Durham County superior court to issue a subpoena to RTI pursuant to the Uniform Depositions and Discovery Act. N.C. Gen. Stat. § 1F-3 (2017). This request was based upon a previously issued Virginia subpoena and sought to obtain documents related to the pending Virginia Case.
 

 Plaintiff objected to the request for third-party discovery and filed a motion to quash the Virginia subpoena to RTI in Fairfax County, on 9 February 2017. Plaintiff and RTI requested Defendants allow them to postpone the production of documents until after the motion concerning the Virginia subpoena was resolved. Defendants refused.
 

 On 14 February 2017, RTI sent Defendants a letter of objection to the subpoena, and again requested to delay production, pending the outcome of the hearing in Virginia. That same day, Plaintiff filed a motion to quash and for protective order in Durham County, arguing
 

 the information requested from RTI [was] repetitive of discovery requests already made to Plaintiff, is in the process
 
 *404
 
 of being provided by Plaintiff to Defendants, serves no purpose other than to unduly burden RTI and is the subject of a pending motion to quash in the Circuit Court of Fairfax County, VA, the venue of the related action.
 

 This motion was served upon Defendants by first class and electronic mail on 14 February 2017. Defendants deny ever receiving the motion via first class mail. No hearing was held on Plaintiff's motion. The superior court granted Plaintiff's motion to quash the subpoena and allowed monetary sanctions on Defendants in an order dated 20 February 2017 (the "February order"). In an order dated 3 March 2017, the Fairfax County circuit court denied Plaintiff's motion to quash the Virginia subpoena to RTI. The Virginia circuit judge ruled the court lacked jurisdiction over subpoenas issued to out-of-state entities.
 

 After receiving a copy of the February order from Plaintiff via email, Defendants
 
 *115
 
 filed a Rule 60 motion for relief on 9 March 2017. After a hearing, the superior court denied Defendants' motion for relief on 3 April 2017 (the "April order").
 

 Defendants filed notice of appeal of both the February order and the April order on 20 April 2017.
 

 B. Post-Appeal
 

 Defendants served Plaintiff with their proposed record on appeal on 29 June 2017. Plaintiff responded with its objections and proposed amendments on 28 July 2017. After much discussion between the parties, Defendants filed the record on appeal on 13 September 2017. Neither party sought judicial settlement to settle the record.
 

 On 17 September 2017, Defendants filed a motion for retroactive extension of time to file the record on appeal or for alternative relief under Rule 25. Plaintiff opposed Defendants' motion, and submitted a motion to dismiss the appeal on 27 September 2017. Defendants' motion to extend the time to file was allowed by this Court, and Plaintiff's motion was referred to this panel on 27 October 2017.
 

 Defendants filed a petition for writ of certiorari on 10 October 2017, which was also referred to this panel on 27 October 2017. On 13 October 2017, an order of nonsuit was entered in the Virginia Case, and the underlying case between Plaintiff and Defendants was dismissed. Plaintiff included this order in its response to Defendants' petition for writ of certiorari on 24 October 2017. Defendants requested this Court to take judicial notice of the order from the Virginia Case on 2 February 2018.
 

 *405
 

 II. Issues
 

 Defendants argue the superior court abused its discretion by granting Plaintiff's motion to quash and for protective order three days after it was filed, without waiting for Defendants' response, and without providing a hearing, notice of a hearing, or notice that the motion would be reviewed without a hearing. Defendants assert the trial court also erred by granting the motion and argue Plaintiff purportedly did not have standing to file the motion and it was untimely. Finally, Defendants argue the superior court abused its discretion in denying their Rule 60 motion for relief.
 

 III. February Order
 

 A. Appellate Jurisdiction
 

 The first matter before us is the 20 February order granting Plaintiff's motion to quash and for protective order. Plaintiff argues Defendants failed to give timely notice of appeal and the appeal must be dismissed. Defendants delayed filing this notice of appeal until 20 April 2017. Defendants filed a petition for writ of certiorari on 10 October 2017.
 

 We allow Defendants' petition and issue the writ pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure. N.C. R. App. P. 21(a)(1) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action ....").
 

 B. Timeliness of the Appeal
 

 "As a general rule, discovery orders are interlocutory and therefore not immediately appealable."
 
 Mims v. Wright
 
 ,
 
 157 N.C. App. 339
 
 , 341,
 
 578 S.E.2d 606
 
 , 608 (2003) (citations omitted). "The prohibition against appeals from interlocutory orders prevents fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts."
 
 Feltman v. City of Wilson
 
 ,
 
 238 N.C. App. 246
 
 , 250,
 
 767 S.E.2d 615
 
 , 618-19 (2014) (citation and quotation marks omitted). An interlocutory order may be immediately appealable if it affects a substantial right.
 
 Hudson-Cole Dev. Corp. v. Beemer, Inc.
 
 ,
 
 132 N.C. App. 341
 
 , 344,
 
 511 S.E.2d 309
 
 , 311 (1999) (citation omitted).
 

 It is well settled that a judgment which determines liability but which leaves unresolved the amount of damages is interlocutory and cannot affect a substantial right:
 

 *406
 
 [i]f ... [such a] partial ... judgment is in error defendant can preserve its right to complain of the error on appeal from the final judgment by a duly entered exception. Even if defendant is correct on its
 
 *116
 
 legal position, the most it will suffer from being denied an immediate appeal is a trial on the issue of damages.
 

 Steadman v. Steadman
 
 ,
 
 148 N.C. App. 713
 
 , 714,
 
 559 S.E.2d 291
 
 , 292 (2002) (quoting
 
 Johnston v. Royal Indemnity Co.
 
 ,
 
 107 N.C. App. 624
 
 , 625,
 
 421 S.E.2d 170
 
 , 171 (1992) ).
 

 Here, the February order allows Plaintiff's motion to quash, grants a protective order, and orders Defendants to bear the costs related to the discovery sought and pay reasonable attorney's fees. The superior court did not certify its order as immediately appealable under Rule 54(b). N.C. Gen. Stat. § 1A-1, Rule 54(b) (2017).
 

 The amount of any costs and fees that may be imposed remains undetermined at this time. "[I]f we were to allow this appeal, we would be required to visit the [costs and] fees issue twice: one appeal addressing, in the abstract, whether plaintiff may recover [costs and] fees at all and, if we upheld the first order, a second appeal addressing the appropriateness of the actual monetary award."
 
 Triad Women's Ctr., P.A. v. Rogers
 
 ,
 
 207 N.C. App. 353
 
 , 358,
 
 699 S.E.2d 657
 
 , 660 (2010).
 

 In order to avoid a "fragmentary, premature and unnecessary" appeal, we dismiss the purported appeal of the February order as interlocutory until the amount of costs and fees, if any, is imposed.
 
 Feltman
 
 ,
 
 238 N.C. App. at 250
 
 ,
 
 767 S.E.2d at 618
 
 .
 

 IV. April Order
 

 A. Appellate Jurisdiction
 

 The order denying Defendants' Rule 60 motion for relief was entered 3 April 2017. Defendants timely appealed on 20 April 2017. The April order was a final judgment of a superior court from which an appeal of right may be taken to this Court. N.C. Gen. Stat. § 7A-27(b)(1) (2017).
 

 B. Standard of Review
 

 "A trial court's discovery ruling is reviewed for abuse of discretion, and will be overturned only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision[.]"
 
 Friday Investments v. Bally Total Fitness
 
 ,
 
 370 N.C. 235
 
 , 241,
 
 805 S.E.2d 664
 
 , 669 (2017) (internal citations and quotation marks omitted).
 

 *407
 

 C. Abuse of Discretion
 

 Defendants filed a motion seeking relief from the February order quashing the subpoena pursuant to Rule 60(b)(1) and (b)(6).
 
 See
 

 Sink v. Easter
 
 ,
 
 288 N.C. 183
 
 , 196,
 
 217 S.E.2d 532
 
 , 540 (1975) (holding Rule 60(b) motions only apply to final, not interlocutory, judgments or orders). Defendants argue the February order should be vacated under (b)(1) as it "was entered by mistake and in contravention of the procedures established by the Court, resulting in surprise to Defendants" and the "lack of hearing, notice of a hearing, or any opportunity to respond and the entry of the Order in expedited fashion" also justify relief under (b)(6). Defendants argue, and Plaintiff admits, the February order was irregular, due to the lack of prior notice or hearing provided to the parties.
 

 "A judgment rendered in violation of the rules respecting procedural notice is irregular."
 
 Collins v. Highway Commission
 
 ,
 
 237 N.C. 277
 
 , 284,
 
 74 S.E.2d 709
 
 , 715 (1953). "An irregular judgment is not void," and "stands as the judgment of the court unless and until it is set aside by a proper proceeding."
 

 Id.
 

 (citations omitted). "A party seeking to set aside an irregular judgment may properly do so by filing a motion for relief from judgment pursuant to Rule 60(b)(6)."
 
 Brown v. Cavit Sci., Inc.
 
 ,
 
 230 N.C. App. 460
 
 , 464,
 
 749 S.E.2d 904
 
 , 908 (2013) (citations omitted).
 

 "In order for a defendant to succeed in setting aside a ... judgment under Rule 60(b)(6), he must show: (1) extraordinary circumstances exist, (2) justice demands the setting aside of the judgment, and (3) the defendant has a meritorious defense."
 
 Gibby v. Lindsey
 
 ,
 
 149 N.C. App. 470
 
 , 474,
 
 560 S.E.2d 589
 
 , 592 (2002) (citations omitted). Defendants argue their lack of ability to respond to the February order, the entry of the order in "an expedited fashion" without notice or hearing, and the entry of the order inhibiting their ability to pursue discovery and imposing sanctions against them were enough to constitute "extraordinary circumstances."
 
 See
 
 id.
 

 Defendants raise no arguments concerning the other two prongs required
 
 *117
 
 to set aside a judgment under Rule 60(b)(6).
 

 Between the denial of Defendants' motion for relief and this appeal, the discovery Defendants sought was provided and the Virginia Case has been dismissed. The issue of the sanctions, as discussed above, is not timely nor properly before this Court. Without a showing of a "meritorious defense," the February order remains undisturbed.
 
 See
 

 Sellers v. Rodriguez
 
 ,
 
 149 N.C. App. 619
 
 , 625,
 
 561 S.E.2d 336
 
 , 340 (2002). Defendants have failed to show any abuse of discretion in the trial court's denial of their 60(b) motion. Defendants' arguments are overruled.
 

 *408
 

 V. Conclusion
 

 We allow Defendants' petition and issue the writ of certiorari to consider Defendants' challenges to the February order, pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure. N.C. R. App. P. 21(a)(1). Without a final order assessing the costs and fees, if any, to be awarded to Plaintiff, the appeal of the February order is interlocutory, untimely, and is dismissed.
 
 Feltman
 
 ,
 
 238 N.C. App. at 250
 
 ,
 
 767 S.E.2d at 618
 
 .
 

 Defendants failed to show a meritorious defense or any abuse of the trial court's discretion to support setting aside the February order.
 
 See
 

 Sellers
 
 , 149 N.C. App. at 625,
 
 561 S.E.2d at 340
 
 . We dismiss the appeal of the February order and remand. The April order is affirmed.
 
 It is so ordered.
 

 DISMISSED IN PART, AFFIRMED IN PART, AND REMANDED.
 

 Chief Judge McGEE and Judge DILLON concur.