Filed:  August 21, 2008

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 07-1973
(8:06-cv-02697-DKC)

NOURISON RUG CORPORATION,

        Plaintiff - Appellee,

    v.

ABDI PARVIZIAN,

        Defendant - Appellant,

    and

PARINCO OF VIRGINIA, INCORPORATED,

        Defendant.

O R D E R

The court amends its opinion filed July 28, 2008, as follows:

On page 5, footnote 2, the following sentence is added:  "The Court notes that appellate counsel did not represent either Parvizian or Parinco in the matter before the District Court."

For the Court - By Direction

    /s/ Patricia S. Connor

Clerk

**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

NOURISON RUG CORPORATION,
                    *Plaintiff-Appellee,*

v.

ABDI PARVIZIAN,
                    *Defendant-Appellant,*

and

PARINCO OF VIRGINIA, INCORPORATED,
                    *Defendant.*

No. 07-1973

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(8:06-cv-02697-DKC)

Argued: May 15, 2008

Decided: July 28, 2008

Before TRAXLER and KING, Circuit Judges, and
Jackson L. KISER, Senior United States District Judge
for the Western District of Virginia, sitting by designation.

---

Affirmed by published opinion. Senior Judge Kiser wrote the opinion, in which Judge Traxler and Judge King joined.

---

## COUNSEL

**ARGUED:** Judah Lifschitz, SHAPIRO, LIFSCHITZ & SCHRAM, Washington, D.C., for Appellant. James M. Andriola, REED &

SMITH, LLP, New York, New York, for Appellee. **ON BRIEF:** Thomas A. DiBiase, Alexis M. Lockshin, SHAPIRO, LIFSCHITZ & SCHRAM, Washington, D.C., for Appellant.

## OPINION

KISER, Senior District Judge:

Abdi Parvizian ("Parvizian") guaranteed a debt owed to Nourison Rug Corporation ("Nourison") by Parinco of Virginia, Inc. ("Parinco"). When Parinco defaulted, Nourison sued Parvizian to recover the balance due. After the deadline for amending the pleadings had passed, Parvizian attempted to amend his answer to add the defense of release. The United States District Court for the District of Maryland denied the proposed amendment, and granted summary judgment for Nourison. Parvizian now challenges the denial of the amended complaint and the granting of summary judgment. Because we find that the District Court did not abuse its discretion, we affirm.

I.

The relevant facts are not in dispute. Nourison is a manufacturer and supplier of rugs and carpets. Parinco is a wholesaler of rugs, furniture, and furnishings. The President of Parinco is Allen Parvizian ("Allen"). Parvizian, the Appellant, is Allen's father, but is not otherwise involved with the operations of Parinco.

In August 2004, Nourison and Parinco entered into a consignment agreement under which Nourison would deliver rugs to Parinco on a consignment basis and Parinco would sell them to the public. Parinco sold these rugs but did not remit the payments to Nourison. By August 2005 Parinco owed Nourison $2,386,735.98.

To satisfy this debt, Parinco delivered a Promissory Note (the "Note") to Nourison on August 24, 2005. Parinco was to make biweekly (semimonthly) payments of approximately $50,000 for two years. The Note was to be self-liquidating and the balance could be accelerated if a default was not cured within ten days. Further, "ac-

ceptance of any installment payment after default shall not serve as a waiver with respect to any of the note holder's rights regarding any future late payments." J.A. 93.

On October 14, 2005, Parvizian executed a guaranty letter (the "Guaranty") under which he guaranteed the full payment of all amounts due under the Note. In return Nourison was to subordinate its lien to any bank that requests such action.

Parinco made its last full payment in February 2006. To rectify the account, Nourison allowed Parinco to make the following alternative payments: 1) By the end of the week Parinco would pay its past due balance of $18,219; 2) Parinco would pay $56,000 by April 15; 3) Parinco would reconcile its remaining balance owed by April 30; 4) Parinco would provide a list of unsold merchandise so that Nourison could issue a return authorization number; 5) Parinco will pay for all its sold consignment merchandise by April 30. Over the course of the next few months, Parinco made sporadic payments to Nourison. At some point the parties agreed for Parinco to pay $25,000 biweekly (semimonthly), half of what the Note required. The last payment made by Parinco was in June 2006.

Parvizian claims that he was not informed of these alternative arrangements, and that they were material alterations to the Note. Nourison contends that these were a voluntary temporary forbearance which did not affect Parvizian's rights or obligations as a guarantor.

On September 7, 2006, Nourison informed Parvizian of Parinco's default and demanded payment under the Guaranty. The demand letter states that "Parinco has not made any of the bi-weekly payments due under the Note since February 3, 2006 (nor made any other payments since June 21, 2006)." J.A. 31. Parvizian has made no payments.

Nourison filed its Complaint on October 12, 2006, to which was attached the letter from September 7. On December 1, 2006, Defendants Parinco and Parvizian filed their joint Answer (a stipulated order extended their deadline to this date). The Answer admitted the existence of the agreements between the parties and that Parinco was in default of its obligations.

On December 12, 2006, the District Court entered a scheduling order, which stated in bold that it "will not be changed except for good cause." J.A. 50. Among other dates, the scheduling order set out the following deadlines: 1) January 18, 2007 — Moving for amendment of pleadings; 2) April 18, 2007 — Discovery deadline; and 3) May 18, 2007 — Dispositive pretrial motions deadline.

On February 13, 2007, Nourison filed a Motion for Summary Judgment. In the Joint Opposition, filed on March 2, 2007, Parvizian raised the defense of release for the first time, stating "Parvizian is not liable under the Guaranty because Nourison and Parinco have changed the terms of Parinco's obligations under the Note." J.A. 137. On March 16, 2007, Parvizian filed a Motion for Leave to Amend Answer to add his defense of release. That Motion explains: "In responding to the motion for summary judgment, Mr. Parvizian's counsel reviewed his defenses to the guaranty letter (the "Guaranty") at issue in this case and noted that there was a defense available to Mr. Parvizian that he had not raised in his Answer: release." J.A. 228. On May 18, 2007, Parvizian filed a Motion for Summary Judgment on the basis of release.[1]

On September 7, 2007, the District Court issued an Order denying the Motion for Leave to Amend Complaint and granting Nourison's Motion for Summary Judgment, thus awarding Nourison $2,080,872 from Parvizian and Parinco.

In ruling on the Motion for Leave to Amend, the District Court relied on Rule 16(b), which requires good cause to justify amendment of the pleadings, rather than Rule 15(a). The Court found that Parvizian "provides no reason for his failure either to include the defense of release in his original answer or to make a timely motion for leave to amend the answer to include this defense. There is no indication that any of the facts upon which Abdi Parvizian seeks to base his defense of release came into his possession after his original answer was filed, and there is certainly no indication that he learned of these facts after

---

[1]Parvizian's Motion for Summary Judgment was denied and has not been appealed.

the scheduling order deadline for amendments to the pleadings." J.A. 491.[2]

Further, the court then expressed that the defense of release would be futile for several reasons. First, because the proposed amended answer "asserts no facts to support [its] bare legal conclusion," it would be stricken pursuant to Rule 12(f). J.A. 496. Therefore it would not preserve the defense and would be futile.

Second, "the evidence that Abdi Parvizian forecasts in response to Plaintiff's Motion for Summary Judgment and in support of his own Motion for Summary Judgment based on this defense does not support the defense, and would be insufficient to withstand Plaintiff's Motion for Summary Judgment." *Id.* The proffered evidence "does not constitute an agreement modifying the terms of the Promissory Note for separate consideration, but rather a temporary forbearance or indulgence of Parinco's default under the Promissory Note." J.A. 497.

Therefore, "because Plaintiff has shown that Parinco was in default under the Promissory Note and that Abdi Parvizian was notified of the default but failed to make good on his promise to perform pursuant to the Guarantee Agreement, he is in breach of the Guarantee Agreement." J.A. 500.

Parvizian advances his appeal on two theories: 1) That the District Court abused its discretion by refusing to allow Parvizian to amend his Answer; and 2) that the District Court erred in granting summary judgment for Nourison.

## II.

The District Court's denial of Parvizian's Motion for Leave to Amend is reviewed for abuse of discretion. *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001).

---

[2]Both Parvizian and Parinco were represented by the same counsel from the time the Answer was filed on behalf of both defendants. It is inconceivable that counsel, and thus Parvizian, were not informed as to the arrangement between Nourison and Parinco from the beginning of the case. The Court notes that appellate counsel did not represent either Parvizian or Parinco in the matter before the District Court.

There is tension within the Federal Rules of Civil Procedure between Rule 15(a) and Rule 16(b) amply illustrated by this appeal. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *HMCF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001). On the other hand, Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge."

The Fourth Circuit has never directly spoken to the conflict between these two provisions in a published opinion. However, in *Montgomery v. Anne Arundel County*, 182 F.Appx. 156, 2006 WL 1194308, *5 (4th Cir. May 3, 2006), this Court affirmed a district court's refusal to grant an amendment filed after the scheduling order deadline on the basis of Rule 16(b).

Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings. This result is consistent with rulings of other circuits. *See O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-55 (1st Cir. 2004); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *S & W Enters. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003); *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

In his Motion for Leave to Amend, Parvizian explained his delay: "In responding to the motion for summary judgment, Mr. Parvizian's counsel reviewed his defenses to the guaranty letter at issue in this case and noted that there was a defense available to Mr. Parvizian that he had not raised in his Answer: release." J.A. 228. Further, his Reply Memorandum did not add any detail to his reasons. This is far short of what is required to satisfy the good cause standard, and the District Court thus properly denied the Motion.

Though Parvizian failed to rely on the March 2007 emails in his Motion for Leave to Amend, he urges us to consider his appeal in

light of them. In his Opposition to Nourison's Motion for Summary Judgment, which was filed before his Motion for Leave to Amend, Parvizian attached the March 2007 emails to support his argument. Parvizian suggests that these attachments were sufficient notice of the source of his Motion for Leave to Amend. Regardless of our consideration of the March 2007 emails, Parvizian still does not establish that the district judge abused her discretion.

The email messages demonstrate that Nourison was attempting to recover payments from Parinco, which had again fallen behind on its commitments, by temporarily allowing Parinco to make alternative payments. Parvizian argues that "Nourison and Parinco had entered into a new agreement that significantly altered the payment terms of the Note or that each installment was now half of what was originally agreed to, thereby drastically increasing Mr. Parvizian's exposure on the Guaranty." (App. Reply Br. 9.) This interpretation of the emails is highly questionable. Nourison and Parinco were sophisticated parties that on several previous occasions entered into formal written agreements as to their ongoing relationship.

It is much more natural to construe these emails as Nourison's agreement to a temporary forbearance in an attempt to recover some of the money it was due. Forbearance should be encouraged as a matter of policy as it is a creditor's compromise between accepting no payment and entering into costly litigation. The District Court thus properly interpreted the emails as an agreement of temporary forbearance. Therefore there was no error in finding that the facts did not support satisfaction of the "good cause" standard.

Parvizian urges us to adopt a new standard, reading Rule 16(b) in light of Rule 15(a)'s liberal allowances. We refuse to do so. Because we sustain the District Court's application of Rule 16(b), there is no cause for us to address the Court's finding that amendment would be futile, which is a Rule 15(a) consideration.

### III.

We review *de novo* a district court's denial of summary judgment, construing all facts and reasonable inferences in the light most favor-

able to the nonmovant. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994).

Parvizian's arguments on this point are largely dependent on the arguments addressed above — If the District Court erred in excluding the defense of release, then it surely erred in granting summary judgment against Parvizian. However, the exclusion of the defense of release was not in error. Parvizian admitted that he guaranteed the debt, that the debt was in default, and that he was on notice of such default. Therefore the granting of summary judgment was appropriate.

## IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.