**In re MUTUAL FUNDS INVESTMENT LITIGATION.**

**In re Janus and Putnam Subtracks.**

**Marini et al.**

v.

**Janus Investment Fund et al.**

**Saunders et al.**

v.

**Putnam American Government Income Fund et al.**

**MDL No. 04–MD–15863.**

**Civil Nos. JFM–04–497, JFM–04–560.**

United States District Court,
D. Maryland.

April 14, 2009.

**MEMORANDUM**

J. FREDERICK MOTZ, District Judge.

In the opinion I issued on December 30, 2008, I ruled that I would not permit plaintiffs to amend their amended and second amended complaints to assert the claim that "even assuming the mutual fund defendants acted in good faith in attempting to control market timing, defendants are liable under Rule 10b–5 because they knowingly failed to disclose a material fact: the existence of uncontrollable market timing." *In re Mut. Funds Inv. Litig.*, 590 F.Supp.2d 741, 749–50 (D.Md.2008). Plaintiffs have filed motions for clarification or reconsideration of this portion of my ruling.

The motions are denied. The claims plaintiffs now seek to pursue were not asserted in either the amended or second

amended complaints in these actions. Further, despite plaintiffs' contentions to the contrary, I do not find that defendants were on notice of the new claims as a result of questions asked during depositions, testimony given during depositions, or statements made in supplemental answers to interrogatories. The various isolated items upon which plaintiffs rely to support their arguments must be considered against the background of the course of discovery, during which plaintiffs' claims as then stated were that defendants had intentionally or recklessly made material misrepresentations (or omissions) in the fund prospectuses, disguising their express or tacit permission of market timing in the mutual funds they controlled. Thus, occasional references during discovery to alleged omissions in mutual fund prospectuses of warnings about damage caused to long-term investors by market timing does not in and of itself show that plaintiffs were asserting that defendants faced liability even if they made good faith efforts to control market timing. Moreover, if defendants had been on notice of the new and different claims plaintiffs are now pursuing—that defendants failed to disclose the existence of *uncontrollable* market timing [1]—the evidentiary record established for summary judgment purposes would have been far different.

In any event, even if defendants were indeed aware that plaintiffs were pursuing these new claims, I would not have permitted plaintiffs to amend their complaints to assert them. The deadline for amendments to pleadings set by this court has long since expired, and plaintiffs have not shown good cause for permitting further amendments at this late date. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295,

298 (4th Cir.2008). Moreover, it would be against sound public policy to permit any further amendments now. These MDL proceedings have been pending for over five years, and if I were to grant the requested amendments, considerations of justice and fairness would require that I reopen discovery and summary judgment briefing, resulting in still further delay. These MDL proceedings raise issues that seriously impact upon major financial institutions, the authorities that regulate them, and the investing public. Were I to allow the proceedings to further linger because of plaintiffs' failure to assert in any pleading prior to the completion of extensive discovery and the filing of summary judgment motions the claim they now espouse, the federal courts and the multi-district litigation process would properly be subject to severe criticism for failing to efficiently manage and resolve issues of broad public importance on a timely basis.

A separate order denying plaintiffs' motion to clarify or reconsider is being entered herewith.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 14th day of April, 2009,

ORDERED:

1. The motion for clarification or, in the alternative, reconsideration filed by Plaintiff California Financial Advisors is denied; and

2. The motion for reconsideration filed by Plaintiffs Ohio Tuition Trust Authority and Joseph Shanis is denied.

---

1. In CFA's Reply Memorandum, plaintiffs characterize their new theory of liability as Janus's "fail[ure] to disclose the existence of rampant timing in [Janus] funds and its tolerance thereof." (Pl. California Financial Advisors' Reply in Supp. of its Motion for Clarification or, in the Alternative, Reconsideration of the Court's Dec. 30, 2008 Order 2.)