**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1402

BARBARA POLLARD,

Plaintiff - Appellant,

v.

MICHELLE POLLARD, in her individual capacity; LEE MOORE, in his individual and official capacity; RICK FISHER, in his individual and official capacity; MAC MANNING, in his official capacity as Sheriff of Pitt County,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (4:07-cv-00109-BR)

Submitted: March 31, 2009          Decided: April 27, 2009

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David C. Sutton, SUTTON LAW OFFICES, P.A., Greenville, North Carolina, for Appellant. Scott C. Hart, SUMRELL, SUGG, CARMICHAEL, HICKS & HART, P.A., New Bern, North Carolina; William L. Hill, Torin L. Fury, FRAZIER, HILL & FURY, RLLP, Greensboro, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barbara Pollard ("Pollard"), Administratrix of the estate of her son, Stacey Pollard ("Stacey"), filed a 42 U.S.C. § 1983 (2000) action and state wrongful death action against Michelle Pollard ("Michelle"), Lieutenant with Pitt County Sheriff's Office and Stacey's wife, and other members of the Pitt County Sheriff's Office. Pollard posited a denial of access to the courts claim, alleging a police cover-up surrounding her son's death. The district court granted Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss the § 1983 action and declined to entertain supplemental jurisdiction over the state law claim. The district court further denied Pollard's motion to file a second amended complaint in which she sought to provide more factual allegations of the police cover-up. Pollard now appeals the district court's dismissal of her § 1983 complaint and the denial of her motion to amend.

This court reviews de novo a district court's Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim. Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In ruling on a 12(b)(6) motion, all well-pleaded allegations in the complaint are to be taken as true and

2

all reasonable factual inferences are to be drawn in the plaintiff's favor. Id. at 244. Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

On appeal, Pollard argues that the district court erred in dismissing her § 1983 complaint and in denying her leave to file a second amended complaint on the ground of futility. The gravamen of her appeal is that her § 1983 denial of access to the courts claim based on a pervasive police cover-up does not require that the claim be first litigated in state court.

It is well established that citizens have a right of access to the courts. See Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002). The right not only protects the ability to get into courts, but also ensures that such access be "adequate, effective, and meaningful." Bounds v. Smith, 430 U.S. 817, 822 (1977). The denial of meaningful access to the courts is established where a party engages in pre-filing actions which effectively cover up evidence and actually render any state court remedies ineffective. Swekel v. City of River Rouge, 119 F.3d 1259, 1262 (6th Cir. 1997). However, a "plaintiff cannot

3

merely guess that a state court remedy will be ineffective because of a defendant's actions." Id. at 1264. To prevail on her claims, a plaintiff must demonstrate that the defendants' actions foreclosed her from filing suit in state court or rendered ineffective any state court remedy she previously may have had. Id. at 1263-64.

In this case, Pollard's timely-filed wrongful death action is pending in state court and therefore she cannot credibly assert that Defendants' actions foreclosed her ability to file suit in state court. To the extent Pollard argues that the police covered up proof and delayed her own investigation, thereby rendering any state court remedy ineffective, she has not presented evidence that the state court could not adequately address these problems. Swekel, 119 F.3d at 1264.

Pollard also argues that the district court erred in denying her motion for leave to file a second amended complaint. While a district court's denial of a motion for leave to amend a complaint is generally reviewed for abuse of discretion, Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008), because the district court determined that the amended complaint would not survive a motion to dismiss, that legal conclusion is reviewed de novo. HCMF Corp. v. Allen, 238 F.3d 273, 277 n.2 (4th Cir. 2001). In her second amended complaint, Pollard does nothing more than allege additional facts

implicating the officers in the cover-up.  Because the amended complaint does not alter the disposition of her case, we find the  district court properly denied the motion.  <u>See</u> <u>Perkins v. United States</u>, 55 F.3d 910, 917 (4th Cir. 1995) (amendment is futile if the amended claim would fail to survive motion to dismiss).

Accordingly, we affirm the district court's order dismissing Pollard's § 1983 action and denying her motion to file a second amended complaint.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>