**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-1786**

———————

JOHN D. WOOTON,

                    Plaintiff - Appellant,

          v.

CL, LLC, a Florida Limited Liability Company; TERRENCE
COYLE, Individually and as Manager/Member of CL, LLC, a
Florida Limited Liability Company; JAY ROBERT LUNDBLAD;
PETER CHICOURIS; ANDERSON MIDGETT; STOCKTON MIDGETT; MIDGETT
REALTY, INCORPORATED,

                    Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Elizabeth City.   Louise W.
Flanagan, District Judge.  (2:09-cv-00034-FL)

———————

Argued:  December 4, 2012              Decided:  January 10, 2013

———————

Before GREGORY, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished opinion.  Judge Wynn wrote the opinion,
in which Judge Gregory and Judge Agee joined.

———————

**ARGUED:** David  Hart  Nelson,  DAVID  HART  NELSON,  ESQUIRE,
Charlottesville, Virginia, for Appellant.   Jeffrey Douglass
McKinney,  BAILEY  &  DIXON,  Raleigh,  North  Carolina,  for
Appellees.  **ON BRIEF:** Robert H. Merritt, Jr., BAILEY & DIXON,
Raleigh, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

This appeal concerns procedural issues that arose after Plaintiff John D. Wooton brought an action seeking damages related to his investment in a condominium project. In that action, Wooten sued companies and individuals connected with the project alleging fraudulent inducement of contract, negligent misrepresentation, gross negligence, conversion, civil conspiracy, violation of North Carolina's Unfair and Deceptive Trade Practices Act, violation of the North Carolina Securities Act, violation of the Interstate Land Sales Full Disclosure Act, and breach of contract. The district court barred Wooton from amending the pleadings and extending discovery, ultimately dismissing Wooton's suit. Wooton challenges these decisions on appeal. For the reasons discussed below, we affirm.

I.

In the underlying action, Wooton contended that he invested $400,000 in a condominium project that was never built, and that his investment was not returned. Wooton sought damages from Defendants—Anderson and Stockton Midget (the "Midgetts"), their company Midgett Realty, Inc., and Peter Chicouris—alleging that

3

they misrepresented and concealed material facts to induce Wooton to invest in the project.[1]

After the Midgetts and Chicouris filed motions to dismiss, Wooton moved to amend his Complaint, seeking to add "only four sentences: two providing more detail regarding [his] negligent misrepresentation claim against all defendants and two providing more detail on the gross negligent misrepresentation claim." Wooton v. CL, LLC, No. 2:09-CV-34-FL, at 4 (Sept. 27, 2010) ("Order I").[2]

The district court found that even with Wooton's amendments, the Complaint failed to survive the Midgetts' and Chicouris's motions to dismiss because the Complaint contained "conclusory allegations and mere rephrasing[s] of the cause[s] of action;" failed to allege any contact with the Midgetts and Chicouris prior to Wooton's investment in the project such that it was impossible for them to have induced Wooton to invest; and failed to show that they owed Wooton duties of care. Order I at 7. Accordingly, the district court denied Wooton's first Motion to Amend the Complaint and dismissed his claims against the Midgetts and Chicouris. Midgett Realty then moved for judgment

---

[1] Wooton also brought claims against the project's owner, CL, LLC, and CL, LLC partners Terrence Coyle and Jay Lundblad, none of whom are involved in this appeal.

[2] Order I is found at J.A. 326-43.

4

on the pleadings or dismissal, contending that Wooton's claims against it were premised on the actions of the Midgetts and thus failed as a matter of law after the district court had dismissed the claims against the Midgetts.

On October 25, 2010, nearly a month after the district court issued Order I, Wooton moved for leave to alter judgment under Federal Rule of Civil Procedure 59(e) and to amend his Complaint under Rule 15(a), attaching a Proposed Second Amended Complaint containing significant alterations. Then, on December 16, 2010, Wooton moved for an additional sixty days of extended time to complete discovery and file dispositive motions.

On December 29, 2010, the district court granted Midgett Realty's Motion to Dismiss and denied Wooton's various motions. Wooton v. CL, LLC, No. 2:09-CV-34-FL (Dec. 29, 2010) ("Order II").[3] The district court entered final judgment on July 12, 2011, adopting in full Orders I and II.

## II.

On appeal, Wooton contends that the district court erred in denying his second Motion to Amend the Complaint. This Court reviews a district court's denial of a motion to amend for abuse

---

[3] Order II is found at J.A. 559-68.

5

of discretion. <u>Nourison Rug Corp. v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008).

Although district courts should freely give leave to amend pleadings "when justice so requires," Fed. R. Civ. P. 15(a), "after the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16] must be satisfied to justify leave to amend the pleadings," <u>Nourison Rug</u>, 535 F.3d at 298. Here, the district court determined that Wooton's second Motion to Amend the Complaint was not timely under the scheduling order and that Wooton failed to show good cause for filing late. Order II at 6.

Wooton devotes much of his argument on appeal to the additional facts contained in his Proposed Second Amended Complaint instead of the facts that allegedly prevented him from presenting his averments in the Proposed Second Amended Complaint before the scheduling order had expired. Indeed, Wooton did not even address the untimeliness of his motion before the district court. Wooton has showed no abuse of discretion on the part of the district court, and we therefore affirm the decision to deny Wooton's second Motion to Amend the Complaint.

Wooton also contends that the district court erred in denying as moot his Motion to Alter or Amend Judgment as to Order I, which dismissed Wooton's claims against the Midgetts

and Chicouris based on the insufficiency of the pleadings. Because Wooton's motion to alter or amend was premised entirely on the additional facts alleged in his Proposed Second Amended Complaint, he can prevail on this argument only if the district court should have allowed him to amend the pleadings. Having already determined that the district court did not err in denying Wooton's second Motion to Amend the Complaint, we conclude the district court did not err in also denying Wooton's Motion to Alter or Amend Judgment.

Wooton next argues that the district court abused its discretion in denying his motion to extend the timeline for discovery. This Court gives district courts "'wide latitude in controlling discovery'" and will not disturb discovery orders "'absent a showing of clear abuse of discretion.'" Rowland v. Am. Gen. Fin., Inc., 340 F.3d 187, 195 (4th Cir. 2003) (quoting Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir. 1986)).

Here, the district court determined that Wooton had "failed to diligently use the additional time allowed [by an earlier extension of discovery] to complete the necessary discovery." Order II at 9. The reasons Wooton offers for needing additional discovery—such as to review discovery materials and take additional depositions—are insufficient to show that the district court abused its discretion in refusing to grant his

motion.  Accordingly, we affirm the district court's denial of Wooton's Motion to Extend Discovery Deadlines.

Finally, Wooton argues that the district court erred in dismissing his claims.  Because this argument is premised on the acceptance of the facts included in Wooton's Proposed Second Amended Complaint, which the district court did not abuse its discretion in rejecting,[4] we affirm the dismissal of Wooton's Complaint.

## III.

For the reasons discussed above, we affirm the district court's denial of Wooton's motions to amend his Complaint, alter judgment, and extend discovery.  Further, we affirm the district court's dismissal of Wooton's Complaint.

AFFIRMED

---

[4] We decline to consider whether, as Wooton argues, this Court should adopt the Seventh Circuit's rule for accepting an unsubstantiated version of the facts on appeal to review a motion to dismiss. See Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146-47 (7th Cir. 2010).

8