**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-1022**

─────────

CBX TECHNOLOGIES, INC.,

       Plaintiff - Appellant,

    v.

GCC TECHNOLOGIES, LLC, f/k/a Government Contract Consultants, LP,

       Defendant - Appellee.

─────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:10-cv-02112-JKB)

─────────

Submitted: June 21, 2013          Decided: July 16, 2013

─────────

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

John Christopher Belcher, Oxon Hill, Maryland, for Appellant. Keith Leon Baker, BARTON, BAKER, THOMAS & TOLLE, LLP, McLean, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

CBX Technologies, Incorporated ("CBX") appeals the district court's orders granting GCC Technologies, LLC ("GCC"), summary judgment on CBX's breach of contract claim against it, denying CBX's cross-motion for partial summary judgment, and denying CBX's motion to amend its complaint, as well as its motion to reconsider that ruling. This matter returns to us after we vacated the district court's previous order granting GCC's motion to dismiss CBX's complaint, and remanded the matter to the district court so it could determine two factual issues the court found determinative of GCC's dismissal motion. On remand, the parties engaged in discovery, GCC again moved to dismiss CBX's complaint or, in the alternative, for summary judgment, and the district court granted GCC summary judgment.

In this appeal, CBX asserts that the district court erred when it granted GCC's summary judgment motion and denied its motion for partial summary judgment because CBX argues that this court's "dispositive factual issues" language in its previous opinion was mere dictum. According to CBX, it was unfair for this court to suggest that these were the only issues necessary to determine CBX's case because that "suggestion" assumed that the Teaming Agreement between the parties was a valid contract, that the parties' Subcontract was a "full and complete document[,]" and that if the Subcontract was valid,

2

that the rights and obligations under the Subcontract "were properly assigned to or novated by GCC[.]"

CBX also asserts that the district court erred when it denied its motion to amend its complaint and CBX's motion for reconsideration of that ruling because CBX asserts that the district court should have considered CBX's request under Fed. R. Civ. P. 15(a)(2) before determining whether good cause for altering the scheduling order existed under Fed. R. Civ. P. 16(b)(4). CBX also asserts that the district court erroneously determined that CBX had not established good cause to modify the scheduling order. Considering CBX's arguments in reverse order, we affirm the district court's orders.

We review a district court's denial of a motion to amend for abuse of discretion. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Although district courts should freely give leave to amend pleadings "when justice so requires[,]" Fed. R. Civ. P. 15(a), "after the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16] must be satisfied to justify leave to amend the pleadings[.]" Nourison Rug, 535 F.3d at 298. We have reviewed the record and conclude that the district court did not abuse its discretion when it denied CBX's motion to amend its complaint, and denied CBX's motion for reconsideration of that decision. Moreover, because one panel of this court may not

overrule the decision of another panel, we decline CBX's request to "revise or clarify [our] ruling" in Nourison Rug. See Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002).

We also discern no error in the district court's decision to grant GCC summary judgment on CBX's breach of contract claim, and deny CBX's cross-motion for partial summary judgment. We review de novo the district court's decision on a summary judgment motion. EEOC v. Xerxes Corp., 639 F.3d 658, 668 (4th Cir. 2011). Summary judgment is appropriate only where the moving party "shows that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat the defendant's summary judgment motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Instead, "there must be evidence on which the jury could reasonably find for the plaintiff." Id. At the summary judgment stage, the nonmoving party must come forward with more than "mere speculation or the building of one inference upon another" to avoid dismissal of the action. Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks and citation omitted); see also Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308

(4th Cir. 2006) ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.").

In our opinion remanding the matter to the district court, we explicitly held that "both the jurisdictional and merits inquiries turn on whether the Teaming Agreement was in effect at the time of the alleged breach." CBX Tech., Inc. v. GCC Tech., LLC, 457 F. App'x 299, 301 (4th Cir. 2011) (No. 11-1380) (unpublished). Thus, after agreeing with the district court that the Teaming Agreement was expired as of November 9, 2009, we instructed the district court to determine on remand whether CBX's work began before that date and, if so, whether a breach occurred before that date. Id. at 302.

The district court did just that. In its order granting GCC's summary judgment motion, the district court determined that based on the "solid factual evidence" submitted by GCC, and the nearly non-existent evidence submitted by CBX, although CBX employees began work before November 9, 2009, GCC and CBX "enjoyed a good relationship through December 2009 — well after the November 9, 2009, end of the teaming agreement." Having determined that no breach occurred before the Teaming Agreement expired, we conclude that the district court properly determined that CBX could not state a viable breach of contract action under the Teaming Agreement.

5

Based on the foregoing, we affirm the district court's orders granting GCC summary judgment, denying CBX partial summary judgment, denying CBX's motion to amend its complaint, and denying CBX's motion for reconsideration of the district court's order denying its motion to amend. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED
