**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1313**

KHALILAH JOHNSON,

Plaintiff - Appellant,

v.

UNITED PARCEL SERVICE, INC.,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:17-cv-01771-SAG)

Submitted:  October 30, 2020                           Decided:  January 5, 2021

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gregg H. Mosson, MOSSON LAW, LLC, Towson, Maryland, for Appellant.  David W. Long-Daniels, Michael J. King, GREENBERG TRAURIG, LLP, Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khalilah Johnson appeals the district court's orders denying her motion for leave to file a second amended complaint and granting summary judgment to her former employer, United Parcel Service, Inc. ("UPS") on her retaliation and hostile work environment claims raised under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17. Finding no error, we affirm the district court's orders.

I.

We review a "district court's denial of a motion to amend for abuse of discretion." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "We have interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted). However, because Johnson did not file her motion prior to the time set forth in the district court's scheduling order, she must establish good cause for her untimely motion. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

We conclude that the district court did not abuse its discretion in denying Johnson leave to file a second amended complaint. Johnson sought to add counts alleging that UPS incorrectly reported her wages in tax year 2015 and requesting a declaratory judgment that her November 2017 workers' compensation agreement did not bar her Title VII claims.

Johnson filed her amended complaint in December 2017 and, thus, she could have raised these claims then. Therefore, Johnson failed to establish good cause for her tardy motion.

## II.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

A plaintiff may demonstrate retaliation through either direct evidence of retaliation or through the *McDonnell Douglas*[1] pretext framework. *Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 717 (4th Cir. 2013). "Direct evidence encompasses conduct or statements that both (1) reflect directly the alleged [retaliatory] attitude, and (2) bear directly on the

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).

contested employment decision." *Id.* (internal quotation marks omitted). However, "in the absence of a clear nexus with the employment decision in question, the materiality of stray or isolated remarks is substantially reduced." *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 300 (4th Cir. 2010). While Johnson argues that her supervisor's remark that UPS made him act like a "monster" constitutes direct evidence of discrimination, we conclude that this is the type of stray or isolated remark that is insufficient to establish a direct evidence claim. At most, this statement is ambiguous and merely reflects her supervisor's dissatisfaction with UPS management.

Under *McDonnell Douglas*, to establish a prima facie case of retaliation, a plaintiff is required to "show (1) that she engaged in protected activity; (2) that her employer took an adverse action against her; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs*, 780 F.3d at 578 (brackets and internal quotation marks omitted). "Title VII retaliation claims must be proved according to traditional principles of but-for causation." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *see also Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015) ("*Nassar* does not alter the legal standard for adjudicating a *McDonnell Douglas* retaliation claim.").

We conclude that the district court did not err in concluding that Johnson failed to establish the requisite causal connection between her protected activity and the adverse action of packing her truck in a dangerous manner. A plaintiff may attempt to demonstrate that a protected activity caused an adverse action through two routes. First, a plaintiff may establish that the adverse act bears sufficient temporal proximity to the protected activity.

4

*See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001). Second, a plaintiff

may establish the existence of other facts that alone, or in addition to temporal proximity,

suggests that the adverse employment action occurred because of the protected activity.

*See Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (recognizing that "other

relevant evidence may be used to establish causation" where temporal proximity is

missing).

A plaintiff cannot establish the causation element of her prima facie case where the

relevant decisionmaker was unaware of her protected activity. *See Dowe v. Total Action*

*Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998). Johnson admitted

in her deposition that she did not know who packed her truck.[2] While she claimed her

supervisor packed her truck on one occasion, she did not specify on what date this occurred.

Johnson's first protected activity occurred on May 15, and she complained that the

dangerous packing began before she made this complaint. *See Francis v. Booz, Allen &*

*Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006) ("Where timing is the only basis for a

claim of retaliation, and gradual adverse job actions began well before the plaintiff had

ever engaged in any protected activity, an inference of retaliation does not arise." (internal

quotation marks omitted)). Thus, all that is left is Johnson's subjective *belief* that the

---

[2] Johnson later filed an affidavit naming one employee who did so. However, "a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).

reason her truck was overloaded with packages was because of her complaints. This is insufficient to survive summary judgment.

While Johnson faults the district court for citing to her prior lawsuit, Johnson's prior lawsuit shows a pattern where she repeatedly complained about various problems with her employment, all of which occurred prior to her complaints in this case. Additionally, we conclude that the district court appropriately found that Johnson's comparator evidence was insufficient to create a dispute of material fact. *See Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223-24 (4th Cir. 2019). Finally, while Johnson attempts to use photographs of her truck and of her coworkers' trucks to establish her claim, her lack of evidence discussed above fails to give these photographs any context. At best, it shows that her truck was packed with large packages and other drivers' trucks were not. However, the evidence was undisputed that Johnson's route was a bulk route that had large packages to deliver. Therefore, we conclude that the district court correctly rejected Johnson's retaliation claim.

Turning to Johnson's hostile work environment claim, to establish that her workplace was religiously hostile under Title VII, "a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's [religion]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (en banc) (alteration and internal quotation marks omitted). Assuming, as the district court did, that the dangerous packing of a truck is cognizable under a hostile work environment theory, we conclude that it fails

6

for the same reason that Johnson's retaliation claim fails—she failed to identify who packed her truck. Without this evidence, we are left to simply speculate that this unknown individual packed her truck based on her religion. A plaintiff may not survive summary judgment solely on such conjecture. And, as the district court noted, there is no evidence in the record that any individual made any comments referencing Johnson's religion which would allow a court to draw an inference of religious animus.

III.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*