**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1764

RITU BHAMBHANI, M.D.; SUDHIR RAO, M.D., on behalf of themselves and others similarly situated,

Plaintiffs - Appellants,

v.

NEURAXIS, INC., f/k/a Innovative Health Solutions, Inc.; ACCLIVITY MEDICAL, LLC; DRAGONSLAYER STRATEGIES, LLC; JOY LONG; RYAN KUHLMAN,

Defendants - Appellees,

and

TERRI ANDERSON; COLEMAN CERTIFIED MEDICAL BILLING & CONSULTANT, LLC; INNOVATIVE HEALTHCARE SOLUTIONS, LLC,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge.  (1:19-cv-00355-LKG)

Submitted:  April 26, 2024                          Decided:  June 3, 2024

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Ugo Colella, Washington, D.C., John J. Zefutie, Jr., COLELLA ZEFUTIE LLC, Princeton, New Jersey; John W. Leardi, BUTTACI LEARDI & WERNER LLC, Princeton, New Jersey; Robert A. Gaumont, GORDON FEINBLATT LLC, Baltimore, Maryland, for Appellants.  Jeffrey R. Teeters, WOOD & LAMPING LLP, Cincinnati, Ohio; Richard M. Goldberg, SHAPIRO SHER GUINOT & SANDLER, Baltimore, Maryland; Marshall N. Perkins, MALLON LLC, Baltimore, Maryland; Joy Long, Greenfield, Indiana, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ritu Bhambhani and Sudhir Rao ("Appellants") appeal the district court's order granting summary judgment to some defendants, dismissing Appellants' third amended complaint, and denying Appellants leave to file a fourth amended complaint in their putative class action suit. Appellants contend that the court erred in finding that they lacked standing for their claims and abused its discretion in denying them leave to file a fourth amended complaint. Appellees—Neuraxis, Inc., f/k/a/ Innovative Health Solutions, Inc. ("Neuraxis"), Acclivity Medical, LLC, Ryan Kuhlman, DragonSlayer Strategies, LLC, and Joy Long—move to dismiss the appeal for lack of jurisdiction, arguing that the district court's order is not a final, appealable order.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

Appellees assert that the district court's order is not final because the court granted summary judgment motions filed by only some of the defendants but did not unambiguously resolve Appellants' claims against the remaining defendants. We are unpersuaded. In the order on appeal, the district court granted the summary judgment motions after concluding that Appellants lacked standing to assert any of their claims for

3

relief—a defect that barred them from seeking relief from any defendant, as "[s]tanding is a threshold, jurisdictional question that ensures a suit is appropriate for the exercise of the federal courts' judicial powers." *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 343 (4th Cir. 2017) (cleaned up). Indeed, "[b]ecause subject matter jurisdiction goes to the power of the court to adjudicate a claim," the court's order "necessarily dismisse[d] the claim[s] as to *all* defendants." *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 478 (4th Cir. 2015). The district court's order thus resolved all claims as to all parties and ended the litigation on the merits. Therefore, we have jurisdiction over the appeal, and we deny the motions to dismiss.

Next, we review the district court's decision granting summary judgment de novo, viewing all facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. *See Wikimedia Found. v. Nat'l Sec'y Agency*, 14 F.4th 276, 289 (4th Cir. 2021). "The party invoking federal jurisdiction bears the burden of establishing standing" under Article III. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411-12 (2013). Appellants must therefore "demonstrate (1) that [they] suffered an injury in fact . . . (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020). At the summary judgment stage, Appellants "can no longer rest on mere allegations, but must set forth by affidavit or other evidence specific facts" to establish standing. *Clapper*, 568 U.S. at 412 (cleaned up).

An injury in fact is "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v.*

4

*Robins*, 578 U.S. 330, 339 (2016) (internal quotation marks omitted). The imminence requirement "ensure[s] that the alleged injury is not too speculative for Article III purposes." *Clapper*, 568 U.S. at 409. "[T]hreatened injury must be certainly impending to constitute injury in fact, and . . . allegations of possible future injury are not sufficient." *Id.* (cleaned up). When an allegation of future injury rests on a "highly attenuated chain of possibilities," that threatened injury is not imminent or "certainly impending." *Id.* at 410. Having considered the record and the parties' arguments, we discern no error in the district court's determination that Appellants failed to show that they suffered a cognizable injury. Rather, we conclude that Appellants' contentions regarding the risk of future threatened injuries do not satisfy Article III's requirements, as these harms are "necessarily conjectural" and not imminently impeding. *Clapper*, 568 U.S. at 412. Therefore, the district court properly granted summary judgment based on Appellants' lack of standing to bring their claims.

Finally, we review the district court's denial of Appellants' motion for leave to amend the complaint for abuse of discretion. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). When a party moves to amend a pleading after the deadline for amendments provided in the district court's scheduling order has passed, "the good cause standard [provided in Fed. R. Civ. P. 16(b)] must be satisfied to justify leave to amend the pleadings." *Id.* Only diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard. *See Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017). Here, the district court correctly applied Rule 16(b)'s good cause standard in evaluating Appellants' motion and properly found that Appellants had not been

5

diligent in seeking leave to amend their pleading. Thus, the court did not abuse its discretion in denying Appellants' motion.

Accordingly, we deny Appellees' motions to dismiss the appeal and affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*