**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-1659**

JOHN EICHIN,

> Plaintiff – Appellant,

> v.

ETHICON ENDO-SURGERY, LLC; ETHICON ENDO-SURGERY INC.,

> Defendant – Appellees,

> and

COVIDIEN LP; COVIDIEN SALES LLC; COVIDIEN HOLDING INC.; MEDTRONIC, INC.,

> Defendants.

Appeal from the United States District Court for the District of South Carolina, at Florence. Joseph Dawson, III, District Judge.  (4:21-cv-03274-JD)

Argued:  March 17, 2026                          Decided:  April 17, 2026

Before RUSHING, HEYTENS, and BERNER, Circuit Judges.

Affirmed by published opinion.  Judge Rushing wrote the opinion, in which Judge Heytens and Judge Berner joined.

**ARGUED:** Hunter L. Windham, LAW OFFICE OF HUNTER L. WINDHAM, LLC, Charleston, South Carolina, for Appellant. A. Mattison Bogan, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Columbia, South Carolina, for Appellees. **ON BRIEF:** Brandon C. Hall, HART, DAVID, CARSON, LLP, Greenville, South Carolina; Joshua T. Hawkins, Helena L. Jedziniak, HAWKINS & JEDZINIAK, LLC, Greenville, South Carolina, for Appellant. C. Mitchell Brown, James F. Rogers, Axton D. Crolley, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Columbia, South Carolina, for Appellees.

―――――――――

RUSHING, Circuit Judge:

John Eichin underwent a surgical procedure that required use of several surgical staplers, including one to create an anastomosis that later leaked. In October 2021, he filed this products liability suit against surgical stapler manufacturers. In November 2023, the district court issued its fifth scheduling order, extending Eichin's expert disclosure deadline to March 15, 2024. After Eichin failed to disclose any experts by that deadline, Defendants moved for summary judgment. On April 4, twenty days after his expert disclosure was due, Eichin moved to amend the scheduling order to extend that deadline. The district court denied Eichin's motion, finding that he failed to satisfy Federal Rule of Civil Procedure 16(b)(4)'s "good cause" standard, and granted summary judgment for Defendants, finding Eichin's failure to proffer expert testimony fatal to his claims. Eichin appeals the district court's denial of his motion to amend and entry of summary judgment. We have jurisdiction under 28 U.S.C. § 1291. *See Hebb v. City of Asheville*, 145 F.4th 421, 432 (4th Cir. 2025).

We review de novo a district court's grant of summary judgment. *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). We review the denial of a motion to amend a scheduling order for abuse of discretion. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (untimely motion to amend pleadings); *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) (motion to extend a filing deadline). Relevant here, a district court abuses its discretion if it "relies on erroneous factual or legal premises." *Wall v. Rasnick*, 42 F.4th 214, 220 (4th Cir. 2022) (internal quotation marks omitted).

3

Eichin contends that the district court legally erred by applying Federal Rule of Civil Procedure 16 rather than Rule 6 to his motion to amend the scheduling order. We disagree. Rule 6(b)(1) applies generally to the extension of deadlines and states, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 16(b)(4) applies specifically to scheduling orders and instructs that "[a] schedule may be modified only for good cause and with the judge's consent."

Where, as here, a party seeks to extend a scheduling order deadline after that deadline has passed, both rules are implicated. For our purposes, it is sufficient to observe that, in such a circumstance, the party seeking an extension is undoubtedly requesting to modify the scheduling order; therefore, Rule 16(b)(4)'s good cause standard must be satisfied. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified *only* for good cause . . . ." (emphasis added)); *Nourison*, 535 F.3d at 298 ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). The district court did not err by demanding that Eichin meet the requirements of Rule 16(b)(4).

Applying that standard, the district court did not abuse its discretion in concluding that Eichin failed to show good cause. "[A] finding of good cause under Rule 16 depends on the diligence of the party seeking amendment," as our Court and others have previously held. *Faulconer v. Centra Health, Inc.*, 808 Fed. App. 148, 152 n.1 (4th Cir. 2020) (collecting cases).

4

The district court appropriately determined that Eichin failed to demonstrate diligence. After discovery began in March 2022, the court extended Eichin's expert disclosure deadline several times, including the November 2023 extension to March 15, 2024. In January 2024, the parties deposed Eichin's treating surgeon, who testified about the staplers he used during the procedure. Notably, the scheduling order required Eichin to identify all evidence related to product identification of the stapler at issue by February 15, 2024, but he did not serve discovery requests on Defendants until February 16, and Defendants timely responded to those requests on March 18. On April 4—twenty days after his March 15 expert disclosure deadline—Eichin moved to extend that deadline. We agree with the district court that "[t]he timeline here does not show that the schedule could not be met despite the diligence of [Eichin]." *Eichin v. Ethicon Endo-Surgery, Inc.*, No. 4:21-CV-03274-JD, 2024 WL 4564611, at *6 (D.S.C. Oct. 24, 2024).

In summarizing the litigation timeline, the district court misstated when Defendants answered the complaint, but that misstatement did not affect the court's conclusion that Eichin failed to demonstrate diligence. The court understood when Defendants entered the case, and Eichin does not contend that the fact that Defendants answered the complaint in July 2023, as opposed to December 2022, somehow impeded his ability to meet his March 2024 expert disclosure deadline with diligence.

In his motion to amend the scheduling order, Eichin stated that he had been unable to retain an expert because Defendants failed to provide "'complete answers'" to his discovery requests and a motion to compel was "'forthcoming.'" *Id.* (quoting J.A. 288). He also stated that "'despite [his] diligent efforts, the model number of the surgical staples

5

at issue (ECS33A model) was not ascertained until December 2023.'" *Id.* (quoting J.A. 288). We agree with the district court that Eichin's arguments "do not demonstrate diligence" and instead, "simply frame the fact that [he] waited almost four months from his December receipt of the identity of the Stapler to pursue this amendment, and [he] did so [twenty] days *after* the materials he seeks to obtain were due." *Id.* As of October 24, 2024, when the district court ruled on Eichin's motion, the deadline to challenge the sufficiency of Defendants' discovery responses had passed, no motion to compel was before the district court, and Eichin "ha[d] still not informed the [c]ourt of a retained expert or sought leave to file a written report by an expert." *Id.* at *7.

Eichin now disputes that he knew the model number of the relevant stapler in December 2023. However, the district court relied on Eichin's own representation that the model number was "'ascertained [in] December 2023.'" *Id.* at *6 (quoting J.A. 288). The district court did not err by relying on Eichin's representation of his own knowledge.

We conclude that the district court did not abuse its discretion in denying Eichin's motion to amend the scheduling order. Eichin does not advance any independent arguments challenging the district court's grant of summary judgment, and his counsel conceded during oral argument that the absence of expert evidence is fatal to his claims. Accordingly, we affirm the judgment of the district court.

*AFFIRMED*

6